[No. 3764. Decided March 22, 1901.]

H. C. WULF, *Respondent*, v. P. J. SULLIVAN, *Appellant.*

NON-SUIT — NEW TRIAL — SUFFICIENCY OF EVIDENCE.

Refusal of the court to grant a non-suit before verdict or a new trial after verdict is not error, when there was sufficient evidence to justify the trial court in submitting the case to the jury, and when there was evidence, though conflicting, sufficient to support the verdict rendered.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Preston & Bell,* for appellant.

*W. F. Hays,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The plaintiff in this case placed a marine boiler in charge of the defendant to be sold by him. Defendant sold the boiler for $1,400, a price satisfactory to both, but refused to pay plaintiff any part of the money realized on said sale, claiming that plaintiff had authorized him to put the said boiler in condition for use so that the same might be salable; and that freight charges, labor, and material in fitting up the same for use came to more than the selling price of the boiler. Upon the trial of the cause before the court and a jury, verdict was rendered and judgment entered thereon in favor of plaintiff in the sum of $750. The only question here is whether the court erred in denying defendant's motion for nonsuit before verdict, and the motion for a new trial after verdict. ·

It was admitted on the trial that defendant was authorized to sell the boiler for $1,400; that he should deduct therefrom freight charges, unloading and switching expenses, which amounted to something like $300, and also a reasonable commission for selling. The only question submitted to the jury, therefore, was whether there was an agreement that defendant should make repairs upon the boiler such as were necessary to make it salable. A special verdict to this effect was requested by defendant, and submitted by the court to the jury. This question was answered in the negative by both the general verdict and the special verdict. The evidence in the case was. partly oral and partly written, in the form of letters extending over a period of some two years. There was evidence on the part of the defendant in support of his an-

swer that there was an agreement between the plaintiff and himself that he should repair the boiler, fit it for use so that it might be salable, and that he was to be repaid out of the proceeds of a sale. This evidence was disputed by the plaintiff, and particularly as regards the sale which was finally consummated. Plaintiff testified, in substance, that he did not know the boiler had been repaired at the time of sale, or when the proposition of sale was made to him at the price agreed upon, and that when defendant submitted the proposition of sale for $1,400 he supposed he would receive that amount less the freight, unloading, and the commissions, and that his share would be at least $1,000; that defendant had not informed him of any repairs, and that he did not know until after that time that any repairs had been made. There was sufficient evidence, therefore, to justify the court in submitting the case to the jury, and there was evidence to support the verdict rendered. It is not for this court to weigh the evidence, and thereby invade the province of the jury, who are the judges of the facts.

The judgment is affirmed.